Wanamaker, J.
When the plaintiff had rested his ease the defendant made a motion to direct a verdict in the defendant’s favor, upon the ground that there was an entire failure of proof as to some of the elements necessary for plaintiff to establish before the jury would be warranted in returning a verdict against the defendant.
We have not the entire record before the court, but from the briefs and the argument it may well be inferred that this motion was directed especially to two points:
1. That the truck that collided with the plaintiff’s buggy, causing the injury, was not proven to be owned hy the defendant.
*502 2. That it was not proven that at the time of the collision the truck was engaged in the regular course of defendant’s business.
In short, the complaint made in the motion was that there had been a failure of proof in showing that John Johnson, the driver of the truck, was at the time of the collision engaged with the truck in and about the business of the defendant, Tenney. No question was raised as to a failure of proof upon the element of negligence.
Before a decision of the trial court upon the motion, leave was asked by the plaintiff to reopen the case and offer further testimony. Leave was granted. Thereupon, plaintiff called the defendant, Tenney, as a witness upon cross-examination.
In reply to a question, the defendant, Tenney, said:
“The truck was going to Chagrin Palls and as I understand it, this accident happened on the way. At the time that he ran into this buggy— at the time he had this collision, he was driving along the street.
“Q. What was this truck to do at Chagrin Palls, if you know, Mr. Tenney? A. Handle milk. Hauling milk.
“Q. Prom Chagrin Palls to Cleveland? A. In Chagrin Palls Valley I had two places I hauled milk from and the truck was on the road there.
‘ ‘ Q. And this hauling of milk was a part of your regular business? A. Yes.”
Further upon the issue as to whether or not the truck in question was the defendant’s truck, engaged in the defendant’s regular course of business, the following also appears from the testimony of Tenney:
“Q. Well, you made a report to the insurance <‘ompany concerning this collision, did you not? A. *503 Oh, I think, so. I think I made a report to them. That was always the custom. * * *
“Q. I will ask you if in that verbal statement you stated that the truck in question here collided with a certain buggy? A. Oh, undoubtedly. * * *
“Q. Well, who was the man to whom you made the report? A. Whoever was the agent, I don’t know who it was.
“The Court: Personally, his name you do not know? A. I couldn’t say. He was the Credit Agent of the Insurance Company.
“Q. To him you reported that an automobile truck which collided with the buggy was used at the time of the accident for trucking for Mr. Tenney? A. Well, that would be a pretty hard thing to answer, remembering just what I said to the agent at that time. I gave notice that there had been such an accident.
“Mr. Birinyi: I offer this ‘Plaintiff’s Exhibit A ’ in evidence. [Purporting to be a report by Tenney to the insurance company.] Defendant objected. Objection sustained.”
The defendant among other testimony offered defendant’s Exhibit 1, “Exhibit from the Bureau of Vital Statistics,” concerning the death of John Johnson, Jr., who had been on the day in question the driver of the colliding truck. The defendant also offered the following testimony from Mr. Tenney:
“Mr. Horn: Mr. Tenney, is that the same man who was driving and was in your employ at that time?
“The Witness: Yes, sir.”
Whereupon the defendant rested.
The court of appeals found the only reversible error in this case the alleged misconduct of plaint *504 iff’s counsel in reference to the insurance company. It will be observed from the foregoing that the error complained of, and upon which the court of appeals reversed the judgment of the court of common pleas, occurred after the case had been reopened. Touching this phase of the matter, the court of appeals used this language:
“Tenney was put upon the witness stand and interrogated, and from that examination there could be no question but what the truck was being used in the master’s business. He stated, on page 73 of the record, that his business was hauling milk; that he had two places in Chagrin Palls from whence he gathered up milk, and that the truck driver was on his way to Chagrin Palls for the purpose of getting a load of mill?:, at the time. Had the plaintiff rested his case there, there would have been no doubt but the verdict in this case, and the judgment thereon, would have been sustained; but, in his zeal to prove his case, the attorney for the plaintiff went away out of his way to show that this man, Tenney, was insured, and that Tenney had filed a claim, to recover for a collision, against The Globe Indemnity Company; and he turned, in the presence of the jury, to the counsel for the defendant, and demanded the written report that was made to the insurance company. * * * and then the attorney went further, and called a Mr. Torrence, whom he learned from this report was the adjuster for the indemnity company, and put him upon the witness stand, and interrogated him about this report, and used the words, ‘the insurance company,’ several times; and, I believe, subsequently introduced, with the consent *505 of the court, before the jury, this statement of claim that was made by Tenney to the surety company. Whatever might have been the idea of counsel for plaintiff below, in introducing this testimony, it could have but one effect; and that was to get before the jury the fact that this man, Tenney, was indemnified by a surety company.”
Now it must be remembered that the defendant by virtue of this motion to direct a verdict, was all the while contending against the owner’s responsibility for the collision, both as to the ownership of the automobile and as to its then and there being engaged in due course of the defendant’s business.
It is not improbable that before the case was reopened the plaintiff had made a prima facie case to go to the jury, but upon the defendant ’& challenge to the order of the court reopening the case, the plaintiff not .only had the undoubted right to offer some evidence upon any essential element of the case as to which it was claimed he had failed, but also ro supplement or reinforce that evidence in order to have “sufficient” evidence to sustain any verdict rendered by the jury or by the reviewing court.
Now, it is an old maxim of the law of evidence that any statement made against interest is always competent to be shown; it matters not to whom that statement may be made. The statement by Tenney to an insurance company embodying such declaration against interest is not an exception to this rule, and furnishes no immunity whatsoever to Tenney or anybody else. The evidence shows unmistakably that Tenney made this report as the owner of an automobile that was insured, and that he made it *506 with reference to this particular collision, and that at that time the truck was engaged in the defendant’s business.
The court of appeals is wrong, as shown by the record, in regard to the introduction of this written report to the insurance company. The trial court sustained the objection to its introduction, and it was not exhibited, and so far as the record shows no further reference was made to it by counsel in argument or in the charge of the court. Goz at the time he was injured in the collision with the truck was not the driver of the buggy; he was merely a guest. There is no serious claim made that the damages, are excessive, or that they were the result of passion or prejudice upon the part of the jury. There was no prejudicial error materially affecting the substantial rights of the defendant by the reference made to the insurance company, and the limited use of that matter touching defendant’s responsibility for the collision and the damages naturally resulting therefrom to Goz. The error is entirely too technical to justify the judgment of reversal rendered by the court of appeals.
Judgment of the court of appeals is therefore reversed, and the judgment of the court of common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.